

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS
JOHN~~XXXXXXXXXXX~~ERD
ATTORNEY GENERAL

Honorable R. N. Winship, Jr.
Superintendent, Gatesville
State School for Boys
Gatesville, Texas

Dear Mr. Winship:                    Opinion No. O-4603

> Re: May the Superintendent refuse to
> accept a boy who has been adjudg-
> ed a delinquent child, and who has
> been duly committed to the Gates-
> ville State School for Boys when
> such boy is either feeble minded,
> epileptic or insane, and other
> questions.

In your letter of May 21, 1942, you have submitted for our consideration the following questions:

"1. May the Superintendent refuse to accept a boy who has been adjudged a 'delinquent child' and who has been duly committed to the Gatesville State School for Boys when such boy is either feeble-minded, epileptic or insane (see Art. 5143a).

   (a) When having been adjudged feebleminded, epileptic or insane by a court of competent jurisdiction.

   (b) When having been diagnosed by the School's physician or other licensed physician as having one of the mental or physical handicaps indicated.

   (c) In the case of mental deficiency or mental illness, when having been diagnosed as having such conditions by a qualified psychiatrist.

"2. May the leave or probation of a boy be revoked when it has been in effect more than twelve months if the Superintendent has not recommended to the Governor that a full release be granted such juveniles, (R.C.S. Art. 5126).

   (a) Where each report for twelve consecutive months has been deemed favorable, but a violation of the conditions of the leave of probation having occurred after the twelve months' period.

"3. May the Court, on its original commitment, order a boy to be returned to this School who has been on a 'leave of probation'.

(a) Less than twelve months
(b) More than twelve months

(The above question is asked with the assumption that the maximum time as specified in the commitment order has not expired.)

"4. May the Superintendent retain a boy in this School beyond the maximum term as specified in the Court's order of commitment if his progress here does not meet the provisions of R.C.C., Art. 5126?

"5. Where the committing Court has recalled a boy, may it later order his return to this School on the basis of the original commitment order or must the Court recommit the boy in a new proceeding?

"6. Where the committing court has recalled a boy, may it later order his return to this School if the boy is then more than seventeen years of age?

"7. In the case of a boy committed to this School, but with a suspended sentence, which is revoked after he is seventeen years of age, shall the Superintendent accept such boy if he is actually brought to this School?

"8. Shall the Superintendent accept a recall order when submitted in the form of a letter signed by the Judge, or shall he honor only the recall of boys based upon formal court action as evidenced by a certified copy of the court's order?

"9. What is the status of a boy after he has been duly transferred from this School to another State institution, by order of the State Board of Control? For example, do the same procedures for releasing him from the latter institution apply as to the other inmates of that institution? Does the Gatesville State School for Boys have any jurisdiction over the boy? If so, describe the nature of its responsibility for the boy after he has been transferred to another institution. Does any responsibility, on the part of the Gatesville State School for Boys exist after he has been released from the latter institution?

"10. Kindly indicate the form in which the Superintendent shall recommend to the Governor that a full release be granted a boy who has fulfilled the conditions of his leave of probation satisfactorily over the twelve months' period as prescribed in R.C.S., Art. 5126.

"11. Is this School authorized to pay transportation (equivalent to bus fare) to probation officers, sheriffs or other county representatives who frequently transport boys released on a leave of probation back to the county?

"12. Is the Superintendent required to have a boy attend the 'school of letters' when he is of the opinion that he will not benefit further by such academic training and that it is to the best interests of the boy to assign him full-time to a definite trade assignment. (i.e. feebleminded, older boys who are retarded educationally, etc.)"

Question 1, with its subdivisions (a), (b) and (c), involves the construction of Section 4, of Article 5143a, of Vernon's Annotated Statutes, as passed in 1937. The material portions thereof read as follows:

"Whenever . . . any boy between the ages of 10 and 17 years shall be tried or brought before any juvenile court . . . or District Court . . . charged with being a delinquent child as this term is herein defined, the Court may, if in the opinion of the judge, the Juvenile Training School is the proper place for him . . . commit such person to the Juvenile Training School for boys . . . during the minority of said person. No person shall be committed to either school who is feeble-minded, epileptic or insane, but if so committed the State Board of Control shall have the authority to immediately transfer to the proper eleemosynary institution. Any person committed to either school who is afflicted with a venereal, tubercular or other communicable disease shall be assigned to a distinct and separate building of the institution and shall not be allowed to associate with the other wards until cured of said disease or diseases. No person shall be admitted to either of said schools until he or she has been examined by the school physician and such physician has issued a certificate showing said person's exact state or condition in reference to said qualifications hereinabove enumerated."

Under the plain reading of said statute, the trial court should not commit a person to the Juvenile Training Scgool "who is feeble minded, epileptic or insane." The remaining portion of the above sentence then specifically provides that if the trial court should commit such a person to the training school, the State Board of Control shall immediately transfer the person to the proper eleemosynary institution.

The last sentence of Section 4 of said Article 5143a reads:

"No person shall be admitted to the school until he has been examined by the school physician and such physician has issued a certificate showing said person's exact state or condition in reference to said qualifications hereinabove enumerated."

If a child that is feeble minded, epileptic or insane has been by accident or otherwise committed to the Juvenile Training School by the trial court, the Superintendent should receive said child, but the matter should be immediately referred to the Board of Control, which Board is authorized, empowered and directed to have said child placed in the proper eleemosynary State institution.

After the boy has been committed by the trial court, and prior to the time he arrives at said institution, if the school physician finds that he has become either feeble minded, epileptic or insane, the boy should be admitted and then reported to the Board of Control, whose duty it is to place him in the proper eleemosynary State institution.

Answering subdivisions (b) and (c) under question 1: You are advised that no physician, other than the school physician, has either the right or the power to pass upon the physical condition of the boy committed to the institution. The Legislature has limited this power and prerogative to the school physician.

Your question 2 and its subdivisions, and your question 4 involve the construction of Article 5126 of the Revised Civil Statutes, the material portion of which reads as follows:

"When employment has been secured for any inmate, he shall be sent out on a furlough with the condition that the person furloughed and his employer shall send a written report at the end of each month thereafter for a period of twelve months to the furlough officer stating the habits and demeanor of said furloughed person. If each report be favorable, the superintendent shall recommend to the Governor that a full release be granted such juvenile and that his term of commitment be

terminated. If any monthly report shall be
deemed unfavorable, or be not sent as herein
provided, and the Superintendent should be-
come convinced before the expiration of said
twelve months that said furloughed person
should be returned to the school for further
training and discipline, the said inmate
shall in that event forfeit his leave of pro-
bation, and shall be returned to school. . . .
The Governor shall at any time have the power
to grant a pardon to any inmate of said school."

This statute makes it mandatory upon the Superintendent to
recommend to the Governor that a boy be granted a pardon who has been
on a furlough for twelve months, and has in all respects merited same.
It does not, however, require the Governor to grant the pardon. If at
any time before the Governor issues a pardon the conduct of the juven-
ile be such as the Superintendent of the institution thinks justifies
the act, he, the Superintendent, can revoke or terminate the furlough,
regardless of whether he has recommended a pardon be granted. In other
words, under said statute, the Superintendent of the Juvenile Training
School has full and complete power to revoke the furlough until the
sentence has expired or the boy has been pardoned.

Answering your question 4: The Superintendent should not
retain a boy in the school beyond the maximum term, as specified in the
court's order of commitment.

Answering your questions 3, 5, 6, 7, and 8: Under Article
5126 of the Revised Civil Statutes, the inmates may be furloughed by
the Superintendent, and the furlough may be revoked by the Superinten-
dent.

Under Article 2338, of the Revised Civil Statutes, as amended
in 1941, the trial court has been given full power and authority to change
its order of commitment by the following language:

"Such order shall be subject to change by further
orders of the court with reference to said child; and the
court shall have the power to change the custody of such
child or to entirely discharge it from custody whenever, in
the judgment of the court, it is to the best interest of the
child to do so."

If the trial court who issued the order committing the boy to
the institution should make any further court order relative to the care,
custody or control of the boy so committed, it will, of course, be your
duty to obey the order or orders of the trial court, regardless of how
you receive notice thereof.

Answering your question 9:  "After the State Board of Control has transferred an inmate from the Juvenile Training School to some other State institution, the Juvenile Training school loses all contol over said boy, and has no further responsibility relative thereto, unless the boy is thereafter properly and legally retransferred to said institution.

Answering your question 10:  There is no particular form necessary for the Superintendent to make his recommendation to the Governor. Simply a letter to the Governor, giving the boy's name, and to whom he has been furloughed, and stating that in your opinion the boy's conduct during the twelve months' (or more) period has been such as would justify the Governor's pardoning the boy, with the request that the Governor issue the pardon, is all that the law requires.

Answering your question No. 11:  You are not authorized to pay the transportation to probation officers, sheriffs, or other county representatives, when they transport boys released on leave of probation back to the boy's home county.

Answering your question 12:  Under Articles 5119 and 5126 of the Revised Statutes, the Board of Control and the Superintendent are required to establish a system of grading, teaching and promotion in the school, and the question of the kind and class of schooling given to inmates is left to the judgment of the Superintendent and the Board of Control.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
s/ Geo W Barcus

Geo. W. Barcus
Assistant

GWB:MR:egw

APPROVED JUL 18, 1942
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion considered and Approved in Limited Conference